VAUGHN et al. v. SCHENKER et al.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

1. DEPOSITIONS (§ 17*)—PERSONS WHOSE DEPOSITION MAY BE TAKEN.

The showing for taking the deposition of a person, that he is a nonresident, sick, and about to return to his home, being sufficient under Code Civ. Proc. § 872, subd. 5, it is no ground for refusing to allow it to be taken that he has previously been produced as a witness in open court in litigation between the parties.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 11, 12 ; Dec. Dig. § 17.*]

2. DEPOSITIONS (§ 17*)—PARTIES—AGENT.

The exception to Code Civ. Proc. § 872, subd. 5, authorizing the taking of a person's deposition under certain circumstances, that it does not apply where the person is a party, does not extend to an agent of a party.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 12; Dec. Dig. § 17.*]

Appeal from Special Term, New York County.

Action by Isaac N. Vaughn and another against Israel W. Schenker and others.   From an order granting a motion to vacate an ex parte order, plaintiffs appeal.   Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

John S. Wise, Jr., for appellants.
Edward W. S. Johnston, for respondents.

DOWLING, J. This is an appeal from an order vacating a prior order directing that the deposition of Robert T. Cole, a witness on behalf of the plaintiffs, be taken on a day therein named. The affidavits upon which the original order was made complied in all respects with the requirements of section 872, Code Civ. Proc. It also appeared, from the affidavits of plaintiffs' attorney and of the witness himself, that said Robert T. Cole had been the agent of the plaintiffs to whom the representations alleged in the complaint had been made by defendants, and by whom the sale of merchandise to defendants had been effected; that he was a nonresident of the state of New York and was only temporarily therein; that he was suffering from heart trouble, and was about to leave the state to return to his home in Virginia; and that there was reasonable ground to believe that because of his illness he would be unable to return to the state to attend the trial of this action. For what reason the original order was vacated does not appear, and the only suggestion thereof is to be found in the contention of defendants that because Cole had previously been produced as a witness in open court in litigation between the parties hereto, and was an agent and employé of the plaintiffs, that his deposition should not be taken. But the facts set forth as to Cole's nonresidence, illness, and intention to return to his home are not controverted, and the ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ception in subdivision 5, § 872, applies only to a party to an action, and not to a person in his employ. ˙

The order for the examination of Cole was in conformity with the provisions of section 873 in all respects, and the order vacating it must therefore be reversed, with $10 costs and disbursements, the application to set the original order aside be denied, with $10 costs, and the examination of the witness be directed to proceed on a day to be fixed. All concur.

(66 Misc. Rep. 342.)

### PLATT v. FLOWER et al.

(Supreme Court, Appellate Division, First Department.   June 10, 1910.)

1. LANDLORD AND TENANT (§ 148*)—ASSIGNMENT OF LEASE—TAXES—APPORTIONMENT.

An agreement between a lessee and an assignee of the lease for an apportionment of taxes payable on the first Monday in October as of the date of delivery of possession did not apply to the year extending from that day back to the first Monday of October in the preceding year, but to the current fiscal year, which, as shown by New York City Charter (Laws 1901, c. 466) §§ 9, 10, 161, 195, 226, 237, 248, 249, 907, 909, 914, is coincident with the calendar year.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 522, 527; Dec. Dig. § 148.*]

2. LANDLORD AND TENANT (§ 79*)—ASSIGNMENT OF LEASE—CONSTRUCTION.

An assignment of a lease *held* subject to construction in connection with the city charter provisions affecting it.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 79.*]

3. EVIDENCE (§ 461*)—PAROL EVIDENCE—ADMISSIBILITY.

In a suit to recover money, evidence is inadmissible to show that an agreement for an apportionment of taxes was intended to apply to a period other than that indicated by the agreement as reduced to writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1756; Dec. Dig. § 461.*]

Appeal from Special Term, New York County.

Action by Edward T. Platt, treasurer, against Fred S. Flower and others. From a judgment for plaintiff, defendants appeal. Affirmed.

The following is the opinion of Greenbaum, J., in the court below:

The plaintiff association was the lessee of the premises No. 49 Broadway, in the borough of Manhattan, city of New York, under a certain indenture of lease entered into between it and one Edmund Randolph Robinson as trustee on the 20th of December, 1906. This lease provided inter alia that the lessee should pay "all such duties, taxes, assessments and payments * * * as shall, during the term hereby demised, be assessed, imposed or become a lien or charge on * * * said demised premises." On January 16, 1907, by an instrument in writing, the plaintiff assigned the unexpired term of said lease to Flower & Co. The assignment provided that the assignee should assume from the date of delivery of possession of the premises all obligations and covenants in said original lease contained. By a further independent collateral agreement, Flower & Co. also promised to pay to the plaintiff, in addition to the rent reserved in the lease, the sum of $416.66 upon the last day of each month during the balance of the term assigned. The assignment also

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes